UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MICHELLE TENZER-FUCHS, on behalf of
herself and all others similarly situated

                Plaintiff,

        v.

ANGEL BRINKS FASHION, LLC,

                Defendant.
---------------------------------------------------------------X

Case No.: 2:20-cv-03706

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**THE GRIFFITH LAW FIRM.**
275 Madison Avenue, 35th Floor
New York, New York 10016
Phone: (646) 240-4256
*Attorneys for Defendant*

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................i

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................1

STATEMENT OF FACTS................................................................................................2

STANDARD OF REVIEW………………………………………………….............4

ARGUMENT.....................................................................................................................6

I. PLAINTIFF LACKS STANDING TO BRING HER ADA CLAIMS BECAUSE SHE FAILS TO PROPERLY PLEAD AN INJURY IN FACT ..................................................6

II. PLAINTIFF LACKS STANDING TO BRING HER STATE AND CITY LAW CLAIMS BECAUSE SHE FAILS TO PROPERLY PLEAD AN INJURY IN FACT UNDER THE ADA ..........................................................................................................9

III. PLAINTIFF FAILS TO PLEAD FACTS SUFFICIENT TO STATE A CLAIM FOR VARIOUS FORMS OF RELIEF SOUGHT UNDER THE NEW YORK STATE AND CITY LAWS....................................................................................................................10

CONCLUSION................................................................................................................11

# TABLE OF AUTHORITIES

**Cases:**                                                                                              **Page(s):**

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
   671 F.3d 140 (2s Cir 2011)..................................................................................4, 7

*Ashcroft v. Iqbal*,
   556 U.S.662 (2009).............................................................................................4, 5, 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................4, 5

*Bemis v. N. Y. State Div. of Human Rights*,
   809 N.Y.S. 2d 274 (3d Dep't 2006).............................................................................10

*Cankat v. 41st Ave. Rest. Corp.,*;
   2016 WL 7217638 (E.D.N.Y. 2016) ..............................................................................1

*Chauca v. Abraham*,
   89 N.E.3d 475 (N.Y. 2017).........................................................................................11

*Conley v. Gibson*,
   355 U.S. 41 (1957)........................................................................................................5

*Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*,
   790 F.3d 411(2d Cir. 2015) ...........................................................................................6

*EEOC v. Port Auth. Of N.Y. & N.J.*,
   768 F.3d 247 (2d Cir. 2014) ..........................................................................................5

*Feltzin v. Stone Equities, LLC*,
   2018 U.S. Dist. LEXIS 22870 ......................................................................................9

*Feltzin v. Triange Props. #1, LLC*,
   2016 U.S. Dist. LEXIS 192861 (E.D.N.Y Dec. 15, 2016)..........................................8, 9

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000).................................................................................................6, 7

*Hayden v. Paterson*,
   594 F.3d 150 (2d Cir. 2010) .........................................................................................5

*Kamen v. Am. Tel. & Tel. Co.*,
   791 F.2d 1006 (2d Cir. 1986) .......................................................................................4

*Kreisler v. Humane Soc'y of N. Y.*,
  2018 WL 4778914 (S.D.N.Y. Oct. 3, 2018) ............................................................. 9

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ................................................................................................ 6

*Makarova v. United States*,
  201 F.3d 110 (2d Cir. 2000) .................................................................................... 4

*Morrison v. Nat'l Austl. Bank Ltd*,
  547 F.3d 167 (2d Cir. 2008), aff'd *Morrison*, 561 U.S. 247 (2010) .................... 4

*Panzica v. Mas-Maz, Inc.*,
  2007 WL 1732123 (E.D.N.Y. June 11, 2007) ......................................................... 9

*Spokeo, Inc., v. Robins*,
  136 S. Ct. 1540 (2016) .................................................................................. 6, 7, 9

*Tenzer-Fuchs v. The Beard Club, Inc.*,
  Case No. 20-cv-04841 (E.D.N.Y. Oct. 8, 2020) ..................................................... 7

*Tenzer-Fuchs v. Bijora, Inc.*,
  Case No. 20-cv-03075 (E.D.N.Y. Jul 9, 2020) ....................................................... 7

*Tenzer-Fuchs v. BMG Rights Mgmt. (US) LLC*,
  Case No. 20-cv-04384 (E.D.N.Y. Sept. 18, 2020) .................................................. 7

*Tenzer-Fuchs v. Electrolux Home Prods., Inc.*,
  Case No., 20-cv-04030 (E.D.N.Y Aug. 28, 2020) .................................................. 7

*Tenzer-Fuchs v. JWH Holdings, LLC*,
  Case No. 20-cv-03149 (E.D.N.Y Jul. 15, 2020) ..................................................... 7

*Tenzer-Fuchs v. Live Tinted, Inc.*,
  Case No. 20-cv-03742 (E.D.N.Y. Aug. 17, 2020) .................................................. 7

*Tenzer-Fuchs v. Stitch Fix, Inc.*,
  Case No. 20-cv-03076 (E.D.N.Y. Jul 9, 2020) ....................................................... 7

*Tenzer-Fuchs v. Unilever U. S., Inc.*,
  Case No. 20-cv-03148 (E.D.N.Y. Jul. 15, 2020) .................................................... 7

*Tenzer-Fuchs v. Vita-Mix Corp.*,
  Case No. 20-cv-03077 (E.D.N.Y. Jul 9, 2020) ....................................................... 7

**Statutes, Rules & Regulations**

42 U.S.C. §1281 et seq. ................................................................................................. 6

42 U.S.C. §12102 (1)-(2) ........................................................................................2

Fed. R. Civ. P. 12(b)(1) ................................................................................*passim*

Fed. R. Civ. P. 12(b)(6) ................................................................................1, 4, 10

N.Y. Exec L. §297(4)(c)(vi) ..................................................................................10

N.Y. Exec. L. §297(10) .........................................................................................10

N. Y. Civil Rights Law §40-c ..................................................................................9

N.Y.C. Admin. Code, title 8, Ch. 1, §8-127(a) .....................................................10

Defendant Angel Brinks Fashion, LLC ("ABF" or "Defendant") respectfully submits this memorandum of law in support of its motion (the "Motion") under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") to dismiss Plaintiff Michelle Tenzer-Fuchs' ("Plaintiff") Class Action Complaint ("Complaint").

## PRELIMINARY STATEMENT

Plaintiff's Complaint is one of ***forty-four*** nearly identical complaints Plaintiff's counsel has filed on her behalf in the Eastern District over the past five months alleging that various companies' websites violate the Americans with Disabilities Act ("ADA") because they fail to comply with certain website accessibility guidelines. *See* Griffith Decl[1]., Ex A.[2] Plaintiff's Complaint is nothing more than a "cut and paste" complaint from among the three hundred plus complaints filed by Plaintiff's counsel in the New York federal courts within the past two years, with little to no consideration for the details of ABF's website. *See* Griffith Decl., Ex. B.

In the interest of justice this Court must dismiss this Complaint. Plaintiff fails to allege any injury resulting from ABF's purported non-compliance. The Complaint's lack of specificity is all the more perplexing since Plaintiff has had unfettered access to ABF's publicly available website, yet still has not pled with the specificity required to withstand a motion to dismiss. The Complaint sets out a laundry list of common access barriers on generic "non-compliant" websites, most of which Plaintiff does not allege are actual barriers on ABF's website. Plaintiff lacks standing under Article III to bring this action because the Plaintiff has failed to connect any specific access barrier to a specific injury she has suffered . Because Plaintiff lacks Article III

---

[1] The Griffith Decl. refers to the Declaration of Gregory Griffith dated January 14, 2020.

[2] The Eastern District has held that "serial filers" of ADA actions... "mock the statute's mission by engaging in serial ADA litigation to take advantage of the statute's attorney's fees provision, and their filings should be strictly scrutinized." *Cankat v. 41st Avenue Restaurant Corp.*, 2016 WL 7217638, *5 (E.D.N.Y. 2016) (citations omitted).

1

standing to bring this action, this Court lacks jurisdiction to hear her ADA claim and her claims under New York State and New York City laws. Plaintiff has failed to sufficiently plead facts to state a claim for the other forms of relief she seeks under New York State and New York City laws.

Based on the foregoing, ABF respectfully asks the Court to dismiss all of Plaintiff's claims, with prejudice, for lack of standing because of her failure to plead a particularized injury. In the alternative, ABF asks the Court to (1) dismiss Plaintiff's claim for civil fines, penalties, compensatory damages, and attorneys' fees under the New York State Human Rights Law ("NYSHRL"); and (2) dismiss Plaintiff's claim for civil penalties and punitive damages under the New York City Human Rights Law ("NYCHRL").

## STATEMENT OF FACTS

Plaintiff alleges to be a legally-blind and visually impaired person who is a member of a protected class of individuals under the ADA, under 42 U.S.C. §12102 (1)-(2). Plaintiff resides in Nassau County, New York. *See* Compl.[3] ¶¶11, 12. Plaintiff alleges to use screen-reading software to access information found on the internet. *Id*. at 12.

ABF is a California limited liability company with its principal place of business in Los Angeles County. *See Id*. at ¶13. ABF is a fashion retailer that features "sexy, one-of-a-kind leggings, bodysuits, dresses, lingerie, rompers, denim and jackets for the edgy fashionista." *See* Griffith Decl., Ex. D. ABF sells its products in its store located in Los Angeles, California as well as through its website, www.angelbrinks.com.

The World Wide Web Consortium, an international website standards organization, publishes website accessibility standards for visually impaired users known as the Web Content

---

[3] "Compl" refers to the Complaint filed on August 14, 2020 and annexed to the Griffith Declaration.

Accessibility Guidelines. *Compl.* at ¶21. Version 2.1 of these standards is known as "WCAG 2.1." *Id.* Plaintiff alleges that ABF's website violates Title III of the ADA, the NYSHRL, and the NYCHRL because it does not meet with the WCAG 2.1 standards.[4] *Id.* at ¶¶ 58, 64, 68, 80, 85. Plaintiff seeks to certify a class, as well as New York State and New York City subclasses of "all legally blind individuals... who have attempted to access [ABF's] website and as a result have been denied access to the equal enjoyment of goods and services..." *Id.* at ¶¶45-45.

Plaintiff alleges that she uses the software NonVisual Desktop Access ("NVDA") which is available for blind and visually impaired users of Windows operating system computers and devices. *Id.* at ¶¶18, 27. Plaintiff further alleges she visited ABF's website, the last time occurring in July 2020 and encountered "multiple access barriers which effectively denied [Plaintiff] the full enjoyment of the goods and services of the [website]. *Id.* at ¶28.[5]

Plaintiff also alleges that she was unable to complete a purchase on the website because of the many access barriers on ABF's website. *Id.* at ¶32. The Complaint lists "[c]ommon barriers encountered by blind and visually-impaired persons, most of which Plaintiff does not allege are actual barriers on ABF's website. *Id.* at ¶22, 28. The only barriers Plaintiff alleges she encountered with respect to ABF's website are: (1) lack of alternative text (alt.text); (2) the website fails to add a label element or title attribute for each field, and (3) the website contains a host of broken links. *Id.* at ¶¶ 29-31

---

[4] The Depart of Justice ("DOJ") has not adopted the WCAG 2.1 guidelines as an appropriate standard for ADA website accessibility claims. As far back as 2010, the DOJ had promised to provide greater clarity regarding website accessibility standards; however, it has yet to issue guidance on whether companies are required to use the WCAG 2.1 standard in order to comply with Title III of the ADA.

[5] ABF does not offer services on its website www.angelbrinks.com. Plaintiff and her counsel again just cut and paste information from the numerous complaints filed.

## STANDARD OF REVIEW

Under FRCP Rule 12(b)(1), a party may move to dismiss claims for lack of subject matter jurisdiction. A plaintiff asserting subject matter jurisdiction has the burden of proving that it exists by a preponderance of the evidence. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "[I]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court …may refer to evidence outside the pleadings." *See Makarova*, 201 F. 3d at 113 (citing *Kamen v. Am. Tel. & Tel.Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

Under a FRCP 12(b)(1) motion, in evaluating whether the plaintiff has met that burden, "'[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,' but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted), aff'd *Morrison*, 561 U.S. 247 (2010).

Courts in the Second Circuit review a facial challenge to a court's jurisdiction under Rule 12(b)(1) using the same legal standard applied in a motion to dismiss for failure to state a claim under FRCP 12(b)(6). *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (stating that in a case involving "a facial attack to the court's jurisdiction" that to survive a "Rule 12(b)(1) motion to dismiss, [the plaintiff] must allege facts that affirmatively and plausibly suggest that it has standing to sue")(citations omitted). Mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice to survive a motion to dismiss under FRCP 12(b(6). *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (emphasis added; quoting *Twombly*, 550 U.S. at

570). To survive a motion to dismiss, a complaint must do more than proffer "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 679. Rather, all conclusory allegations must first be pared from the complaint, and then the court must review the complaint's remaining allegations to determine whether the well-pleaded factual allegations "plausibly" (not merely conceivably) entitle the plaintiff to relief. *Id.* at 678-79; *see also Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (explaining Iqbal's "'two-pronged approach' to evaluat[ing] the sufficiency of a complaint").

The Second Circuit has confirmed that the *Iqbal/Twombly* standard requires that a claim be dismissed unless a court can "draw a reasonable inference that the defendant is liable for the misconduct alleged." *EEOC v. Port Auth. Of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "Contrary to [the abandoned] 'no-set-of facts' standard [from *Conley v. Gibson*, 355 U.S. 41 (1957)], which requires only that a complaint not preclude the viability of the claims, *Twombly* and *Iqbal* require that a complaint support the viability of its face." *Id.* (citing *Twombly*, 550 U.S. at 555; Iqbal, 556 U.S. at 678) (emphases in original). Reviewing a complaint for plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 258 (quoting Iqbal, 556 U.S. at 679). If a complaint lacks sufficient factual allegations to raise a plaintiff's claims "above the speculative level," the claims must be dismissed as a matter of law. *Id.* at 257 (quoting *Twombly*, 550 U.S. at 555).

.

# ARGUMENT

## I. PLAINTIFF LACKS STANDING TO BRING HER ADA CLAIMS BECAUSE SHE FAILS TO PROPERLY PLEAD AN "INJURY IN FACT"

The Court should dismiss Plaintiff's ADA claim because Plaintiff fails to meet her burden of making a basic showing that she has suffered an injury in fact sufficient to confer Article III standing.

Here, Plaintiff bears the burden of establishing the elements of standing because she has invoked federal jurisdiction by bringing a claim under the ADA. 42 U.S.C. §1281 et seq., *Spokeo, Inc., v. Robins*, 136 S. Ct. 1540, 1547 (2016) ("The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements [of Article III standing].") (citation omitted; *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416-17(2d Cir. 2015) ("A district court properly dismisses an action under FRCP 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it.'") (citation omitted).

In order to establish Article III standing Plaintiff must sufficiently plead: "(1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). "A harm is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992). An injury is "concrete" if it is "de facto;" that is, it must actually exist rather than being only "abstract." *Spokeo*, 36 S. Ct at 1548. In *Spokeo*, the plaintiff brought a class action alleging a technical violation of the Fair Credit Reporting Act, but failed to allege an injury in fact. *Id.* at 1550. In addressing the absence of any alleged injury, the Supreme Court held that a party does not

6

"automatically satisfy[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1549.

Here, in order to satisfy the *Spokeo* requirements, Plaintiff would have to allege that ABF's website contains access barriers that caused Plaintiff a "concrete and particularized" injury. *See, e.g., Friends of the Earth*, 528 U.S. at 180-81. Plaintiff has failed to do so. In the Complaint, Plaintiff alleges various access barriers which "effectively barred Plaintiff from being able to make her intended purchase." *See* Compl. ¶28. Plaintiff alleges that ABF's website lacks Alternative Text ('alt.text'); fails to add a "label element or title attribute for each field, and contained a host of broken links. See *Id.* at ¶¶29-31. The almost exact same allegations appear in numerous of other copycat lawsuits filed by Plaintiff and her counsel in the Eastern District.[6]

Plaintiff's Complaint fails to identify what specific portions of ABF's website contains the barriers alleged in the Complaint, which she tried to access but could not access. *See* Compl. ¶¶29-31. Plaintiff's Complaint also fails to link any of these alleged barriers to any specific injury that Plaintiff purportedly suffered. *Id.* at ¶33. Instead of pleading her injury as required by the FRCP, Plaintiff pleads bareboned conclusory allegations that are insufficient to withstand a FRCP 12(b)(1) motion. *See e.g., Amidax*, 671 F.3d at 145-46 (holding that a court "need not 'credit a complaint's conclusory statements'" when considering whether a plaintiff has alleged facts sufficient to support standing).

---

[6] *See, e.g., Tenzer-Fuchs v. Bijora, Inc.*, Case No. 20-cv-03075 (E.D.N.Y. Jul 9, 2020); *Tenzer-Fuchs v. Stitch Fix, Inc.*, Case No. 20-cv-03076 (E.D.N.Y. Jul 9, 2020); *Tenzer-Fuchs v. Vita-Mix Corporation*, Case No. 20-cv-03077 (E.D.N.Y. Jul 9, 2020); *Tenzer-Fuchs v. Unilever United States, Inc.*, Case No. 20-cv-03148 (E.D.N.Y. Jul. 15, 2020); *Tenzer-Fuchs v. JWH Holdings, LLC*, Case No. 20-cv-03149 (E.D.N.Y Jul. 15, 2020); *Tenzer-Fuchs v. Live Tinted, Inc.*, Case No. 20-cv-03742 (E.D.N.Y. Aug. 17, 2020); *Tenzer-Fuchs v. Electrolux Home Products, Inc.*, Case No., 20-cv-04030 (E.D.N.Y Aug. 28, 2020); *Tenzer-Fuchs v. The Beard Club, Inc.*, Case No. 20-cv-04841 (E.D.N.Y. Oct. 8, 2020); *Tenzer-Fuchs v. BMG Rights Management (US) LLC*, Case No. 20-cv-04384 (E.D.N.Y. Sept. 18, 2020).

Plaintiff alleges that she encountered "multiple access barriers which effectively denied her the full enjoyment of the goods and services of [ABF's website]. *See* Compl. ¶28. Plaintiff also only states that her last visit to ABF's website was in July of 2020. *Id.* Plaintiff fails to state the days and times she allegedly visited ABF's website and actually attempted a purchase. *Id.* Plaintiff also fails to identify a specific product she actually intended to purchase. *Id.* at ¶32. In the Complaint, Plaintiff makes a cryptic assertion that she intended to browse and purchase a bathing suit for this past summer. *Id.* at 28. Plaintiff does not allege that she in fact attempted to purchase a bathing suit, but rather simply *intended* to purchase one. *Id.* ABF's website has numerous bathing suits listed on its website, however Plaintiff has failed to identify which specific bathing suit she allegedly was attempting to purchase. *See* Griffith Decl., Ex. C.  Plaintiff also fails to identify any single portion of ABF's website that should have had "alt-text" and did not, Plaintiff fails to identify any single portion of ABF's website that failed to add a label element or title for each field, and Plaintiff failed to identify a single portion of ABF's website that contained a host of broken links. *See* Compl. ¶¶32-35, 45. Furthermore, Plaintiff has failed to specify how any of the alleged barriers resulted in an injury to Plaintiff. *Id.*

Plaintiff's Complaint also fails to state whether Plaintiff attempted to contact ABF by emailing ABF or by calling ABF through the email and phone number listed on the website, in order to purchase the alleged bathing suit, but was precluded from doing so because of ABF's website alleged barriers. *See* Griffith Decl., Ex. E.

Plaintiff's failure to (a) identify any specific portion of ABF's website with the alleged barriers; (b) identify any product or service Plaintiff intended to purchase, but could not due to an alleged barrier; and/or (c) articulate how the alleged barriers harmed her, are all fatal to her attempt to establish Article III standing necessary for her claims. *See Feltzin v. Triange Props. #1, LLC*, 2016 U.S. Dist. LEXIS 192861, at *14-15 (E.D.N.Y Dec. 15, 2016) ("Plaintiff provides no

8

additional information concerning either the alleged encounters or any resulting injuries. In fact, Plaintiff provides no details at all concerning any instances in which he allegedly encountered a violation."); *Feltzin v. Stone Equities, LLC*, 2018 U.S. Dist. LEXIS 22870 at *26 (recommending the district court grant a judgment on the pleadings in a Title III ADA case, noting that "although Plaintiff lists thirteen alleged ADA violations…conspicuously absent [from the complaint] are facts explaining how Plaintiff interacted with and experienced violations") (emphasis in original).

Plaintiff fails to allege any facts that would allow the Court to infer the nature of the alleged harm or how that harm is traceable to ABF's conduct, sufficient to raise her claim for relief above a speculative level. *Spokeo*, 136 S. Ct. at 1548; *Iqbal*, 556 U.S. at 679. Absent allegations of a causal connection between the alleged access barriers and an actual injury, Plaintiff has deprived the Court of subject matter jurisdiction and the Court must dismiss Plaintiff's ADA claim.

## II. PLAINTIFF LACKS STANDING TO BRING HER STATE AND CITY LAW CLAIMS BECAUSE SHE FAILS TO PROPERLY PLEAD AN "INJURY IN FACT"

Plaintiff's New York State and City claims are governed by the same standing requirements as the ADA. *Kreisler v. Humane Soc'y of New York*, 2018 WL 4778914, at *6, *8 n.5 (S.D.N.Y. Oct. 3, 2018) (finding a lack of standing under the ADA and for the same reasons under the New York State Human Rights Laws and New York City Human Rights Laws); *Panzica v. Mas-Maz, Inc.*, 2007 WL 1732123, at *2 n.1 (E.D.N.Y. June 11, 2007) ("claims for disability discrimination arising under the New York State Human Rights Law or New York Civil Rights Law §40-c are governed by the same legal standards as federal ADA claims.") (citations omitted). Because Plaintiff's claims under the New York State and the New York City Human Rights Law are governed by the same standing requirements as the ADA, this Court should dismiss Plaintiff's state and city claims.

### III. PLAINTIFF FAILS TO PLEAD FACTS SUFFICIENT TO STATE A CLAIM FOR VARIOUS FORMS OF RELIEF SOUGHT UNDER NEW YORK STATE AND CITY LAW

If the Court finds that Plaintiff has alleged an injury in fact, which she has not, the Court should grant ABF's motion in part under FRCP 12(b)(6) because Plaintiff still fails to state a claim for several forms of relief she seeks under the NYSHRL and the NYCHRL. While Plaintiff seeks penalties and fines under the NYSHRL and the NYCHRL (*see* Compl. ¶¶ 73, 86), such relief is payable only to the state and cannot be recovered by Plaintiff as a matter or law. N.Y. Exec L. §297(4)(c)(vi) (providing for civil fines and penalties…to be paid to the state by a respondent found to have committed an unlawful discriminatory act").

Furthermore, Plaintiff cannot recover the compensatory damages she seeks under the NYSHRL (Id. at 73), because she fails to allege the pecuniary loss or emotional injuries resulting from the alleged discrimination that would be required to obtain such relief. See *Bemis v. New York State Div. of Human Rights*, 809 N.Y.S. 2d 274, 277 (3d Dep't 2006). This is unsurprising as she failed to allege any injury in fact as discussed supra. Plaintiff may not recover the attorneys' fees she seeks under the NYSHRL. See Compl. at ¶74. Plaintiff may not recover ¶attorneys' fees because such relief is limited to claims for housing and housing-related credit discrimination or employment or credit discrimination on the basis of sex, none of which is at issue in this case. N.Y. Exec. L. §297(10).

Plaintiff also fails to state for the civil penalties and damages under the NYCHRL. *Id.* at ¶86. Much like its state counterpart, civil penalties under the NYCHRL are payable only to the city and are this not recoverable by individual claimants like Plaintiff. N.Y.C. ADMIN. CODE, title 8, Ch. 1, §8-127(a) ("Any civil penalties recovered pursuant to this chapter shall be paid into the general fund of the city."). Additionally, to be entitled to punitive damages under the NYCHRL, a defendant must have "engaged in discrimination with willful or wonton negligence,

or recklessness, or a conscious disregard of the rights of others or conduct so reckless as to amount of such disregard.'" *Chauca v. Abraham*, 89 N.E.3d 475, 481 (N.Y. 2017) (citation and footnote omitted). Indeed, punitive damages under the NYCHRL are available only for "gross misbehavior" and "may only be awarded for exceptional misconduct. *Id*. at 479.

Here, Plaintiff has nothing more than a mere conclusory assertion of "willful intentional discrimination" on the part of ABF. *See* Compl. ¶82. Plaintiff has failed to plead facts showing that ABF engaged in "conduct having a high degree of moral culpability which manifests a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard. *Chauca* at 479 (citation omitted). Pleading intentional discrimination alone clearly does not satisfy the standard set out by the Court of Appeals in *Chauca*. *See id*. Because Plaintiff has failed to plead even the proper standard under the NYCHRL – let alone any facts to support such a putative claim – she has failed to state a claim for punitive damages under the NYCHRL. See *Id*. (rejecting an approach that would "mandate a holding that a 'punitive damages charge is automatic on a finding of liability," and explaining that punitive damages "are intended to address 'gross behavior' or conduct that 'willfully and wantonly causes hurt…to another'") (citation omitted).

## CONCLUSION

For the foregoing reasons set forth herein, ABF respectfully requests that the Court issue an Order dismissing Plaintiff's Complaint in its entirety for lack of jurisdiction under Rule 12(b)(1) for Plaintiff's failure to allege an injury in fact. In the alternative, ABF asks the Court to dismiss Plaintiff's claims for (1) civil penalties, fines compensatory damages and attorneys' fees under the NYSHRL and (2) civil penalties and punitive damages under the NYCHRL.

<table>
<tr><td>Dated: New York, New York<br>January 14, 2021</td><td>Respectfully submitted,<br>THE GRIFFITH LAW FIRM<br><br>By: _____<br>Gregory H. Griffith, Esq.<br>275 Madison Avenue, 35th Floor<br>New York, New York 10016<br>Tel: (646) 240-4256<br>Email: ggriffith@ghglawpc.com<br>*Attorneys for Defendant*</td></tr>
</table>